*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge



Dated: 04/16/13

mk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

DEBTOR  **ANDREA HUMMONS**                                        Case No. **13-00309-MH3-13**

**SSN XXX-XX- 3922**

ORDER CONFIRMING CHAPTER 13 PLAN, GRANTING CERTAIN MOTIONS
AND NOTICE OF OPPORTUNITY TO OBJECT

### CONFIRMED AS PROPOSED

The Court determines that it is in the best interest of creditors and the estate to hold a hearing on confirmation earlier than 20 days after the meeting of creditors and that no party has objected to the hearing being held on such earlier date.

A copy of the debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. §1325; therefore, It is ORDERED that:

1. The debtor's plan is confirmed as provided below.

2. The debtor is enjoined from incurring any debts except such debts as may be necessary for emergency medical or hospital care pursuant to 11 U.S.C. §1305. Debtors are enjoined from reducing the amounts withheld for taxes on a W-4 submitted to an employer without trustee consent.

3. **Debtor(s) shall pay:**

    **$202.50 BI-WEEKLY [PLUS TAX REFUNDS] from BAPTIST HOSPITAL**

   Debtor(s) shall pay to the trustee a minimum base of at least **$26,300.00 increased by tax refunds**, to complete payments under the plan. Any funds from the base, after satisfaction of allowed secured and priority claims pursuant to this order shall be used to increase the distribution to allowed unsecured claims.

4. From funds received, the Trustee shall disburse as follows:

    a. To the Court Clerk the sum of **$235.00** and **$46.00** for filing and noticing fees.

    b. To the Trustee, compensation and expenses pursuant to 28 U.S.C. §586(e) and 11 U.S.C.

    c. To the debtor's attorney, **M TODD JACKSON,** the sum **of $3,500.00** to be paid **in full as class II secured claim.**

    c. Total fee awarded to attorney is **$3,500.00** .

    d. To creditors holding allowed claims as follows:
       i. To claimholders entitled to priority under 11 U.S.C. §507, payment in full as follows: **NONE**

       ii. To claimholders holding allowed secured claims, the amount of such secured claim indicated below not to exceed the present value of each claimholder's security determined by this order pursuant to U.S.C. §506:

| | Creditor Name/Collateral | Interest | Value | Month |
|---|---|---|---|---|
| 1 | **TITLE MAX** | **3.25%** | **$1,500.00** | **$8.14** |
| | *1992 CADILLAC DEVILLE* | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

    iii. To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|
| **EXETER FINANCE CORP** | **3.25%** | **$14,680.00** | **$268.25** |
| *(2005 CADILLAC STS / 910 AUTOMOBILE LOAN)* | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

These creditors have either accepted the plan (as designated by an *) or the above claims are not subject to the provisions of §506.

    iv. **There are no long term claims paid by the Trustee.**

    The Trustee may adjust the postpetition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

    The Trustee is authorized to pay any post petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

    v. To unsecured claimholders, in classes and paid in classes, as shown below:

              **--------------- NONE ---------------**

    Except as provided immediately above, allowed nonpriority unsecured claimholders will be paid a dividend of at least **0.000**%. The "unsecured pool" shall be not less than **N/A**.

5. Other provisions of the plan, including payments to be made directly by debtor, collateral to be surrendered and other conditions:

    **Surrender (TV/DINING ROOM TABLE/ENTERTAINMENT CENTER) to BESTWAY RENTALS per rejected contract.**
    **ADVANCE FINANCIAL treated unsecured and liens avoided per 522(f). (VOID LIEN)**
    **CREDIT CENTRAL INC treated unsecured and liens avoided per 522(f). (VOID LIEN)**
    **EXCHANGE FINANCE treated unsecured and liens avoided per 522(f). (VOID LIEN)**
    **NASHVILLE FINANCE treated unsecured and liens avoided per 522(f). (VOID LIEN)**
    **WORLD ACCEPTANCE CORPORATION treated unsecured and liens avoided per 522(f). (VOID LIEN)**

If there is a surrender of property securing a claim, the automatic stay of 11 U.S.C. §362(a) is terminated to permit recovery and disposition of the surrendered property.

6. The plan rejects all executory contracts, except such executory contracts as follows:

    **Assume executory contract with BESTWAY RENTALS at $107.99 per month to a total of $844.26. (DINETTE)**

    **Assume executory contract with REBECCA DEVANE. Paid direct by debtor. (RESIDENTIAL)**

7. The plan is expected to last approximately **60** months. The plan will complete only when the plan has satisfied all secured, and priority claims and the "unsecured pool" has been distributed to unsecured creditors.
8. Creditors not advising the Trustee of address changes may be deemed to have abandoned claims.
9. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge or conversion. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.
10. Post-petition claims, allowed pursuant to 11 U.S.C. §1305, shall be paid in full but subordinated to the payment of unsecured claims as provided in Paragraph 4 above.
11. The Debtors motion to declare that all information required under §521(a)(1)(B) has been granted and the case has not been dismissed pursuant to §521(i).

**NOTICE OF OPPORTUNITY TO OBJECT**

PURSUANT TO 11 U.S.C. §1323 AND 1324 AND FED. R. BANKR. P.9021, 2002 AND 3015, AS TO ANY PRECONFIRMATION MODIFICATIONS OF THE PLAN THIS ORDER SHALL NOT BECOME FINAL FOR 25 DAYS. ANY PARTY IN INTEREST SEEKING TO BE RELIEVED FROM ITS PROVISIONS PURSUANT TO RULE 9023 FED. R. BANKR. MUST FILE A MOTION WITHIN THAT 25 DAY PERIOD. FAILURE TO FILE SUCH MOTION SHALL BE DEEMED A WAIVER OF ALL OBJECTIONS TO ANY CHANGES OR MODIFICATIONS TO TREATMENT OF CLAIMS MADE AT CONFIRMATION AND AN ACCEPTANCE OF THE PROVISIONS OF THIS CONFIRMED PLAN. THE TRUSTEE MAY DISBURSE FUNDS PURSUANT TO THIS CONFIRMATION ORDER UPON ENTRY.

Approved:

/s/M TODD JACKSON
ATTY FOR THE DEBTOR
BROCK AND SCOTT PLLC
3326 ASPEN GROVE DR STE 400
FRANKLIN, TN 37067
615-771-5143
todd@toddjacksonlaw.com

341 Date: **February 19, 2013**
Case no: **13-00309-MH3-13**
Printed: **04/15/2013    4:40 pm**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.